IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES MILTON HINES, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 10-0161-WS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner Charles Milton Hines' *pro se* filing, which the Court liberally construes as a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 68). The Government has filed a Response (doc. 71) in opposition to the Motion.

The court file reflects that Hines entered a plea of guilty to four counts related to a bank robbery in which he brandished and fired a sawed-off rifle. The offenses of conviction include armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871; and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On January 25, 2011, this Court sentenced Hines to a term of imprisonment of 562 months, including a low-end 262-month guideline sentence plus a mandatory 300 months consecutive for the § 924(c) violation, for a total custody sentence of 562 months. According to Bureau of Prisons records, Hines is currently housed at FMC Butner in Butner, Norther Carolina, with a projected release date of March 24, 2050.

Hines is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. In his Motion, filed *pro se*, Hines would apparently invoke 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act enacted in December 2018. That section allows a defendant to petition the Court directly for reduction of a term of imprisonment for "extraordinary and

compelling reasons," without a motion by the Director of the Bureau of Prisons ("BOP"), after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). Hines properly made a written request for compassionate release to officials at FMC Butner on or about June 2, 2020. (Doc. 73, Exh. C.) After confirming Hines' release plan and assembling his medical records, the Warden of FMC Butner referred Hines' application to the BOP's Central Office on or about July 1, 2020. (Doc. 71, Exh. F.) On August 13, 2020, the BOP's Office of the General Counsel entered a formal decision denying Hines' request for reduction in sentence. (Doc. 71, Exh. G.) In light of these events, Hines plainly meets the procedural requirement that he must request compassionate release from the prison warden more than 30 days before filing his Motion. As such, he is authorized by the amended version of the statute to request judicial modification of his term of imprisonment on the ground that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Government concedes that Hines has exhausted his administrative remedies and has otherwise complied with the procedural requirements of § 3582(c)(1)(A)(i). (Doc. 71, PageID.363.)

       That said, the statute is clear that any such reduction of a sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.* Hines' Motion falls squarely within the first category of extraordinary and compelling reasons identified by the Sentencing Commission. Although Hines is only 46 years old, he suffers from multiple serious medical conditions, including cerebrovascular disease, seizure disorder, Type 2 diabetes and polyneuropathy. He had a stroke in November 2019, and continues to have slurred speech and residual weakness on the left side. He requires the use of a cane and/or a walker to ambulate. During the COVID-related prison lockdown, Hines' speech has become more slurred and his memory impairment has become more pronounced. Hines is

not capable of managing his own medication or preparing his own food.  Based on these circumstances, the Government "agrees that, during the COVID-19 pandemic, Hines is eligible for compassionate release consideration" because his medical conditions "put him at increased risk for severe illness during the COVID-19 pandemic."  (Doc. 71, PageID.363.)

Notwithstanding Hines' eligibility for compassionate release, the decision of whether or not to grant him relief is discretionary.  *See, e.g., United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) ("We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act.").  Indeed, the statute expressly provides that, even where a defendant has satisfied the procedural requirements for a compassionate release motion and has shown extraordinary and compelling reasons warranting relief, the district court "***may reduce the term of imprisonment*** … after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  Simply put, "[i]f there are 'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors."  *United States v. Monaco*, 2020 WL 6194688, *3 (11th Cir. Oct. 22, 2020).

The Court has carefully weighed the § 3553(a) factors as they relate to Hines and his Motion for Compassionate Release.  Section 3553(a) requires this Court to consider (among other factors) "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(1)-(2)(A).  Hines' crime was perhaps one of the most serious and violent bank robberies that this Court has encountered.  When he entered the Telco Credit Union on April 30, 2010, Hines (who was dressed in a black ski mask and gloves) told everyone to hit the floor, pointed a Stevens .22 caliber short barrel rifle at the teller, and demanded money.  The teller complied.  As Hines was leaving the credit union, he turned and fired the sawed-off rifle in the direction of a customer who was attempting to follow him.  Law enforcement initiated a pursuit of Hines' getaway vehicle, shortly after which Hines' vehicle struck both another vehicle and a telephone pole.  Hines was apprehended while attempting to flee the collision scene on foot.  Furthermore, Hines had three prior convictions of armed bank robbery in this District Court, and committed the subject offense while on supervised release for those other convictions.  Based on

these considerations, considered in tandem with the other § 3553(a) factors, the Court declines to exercise its statutory discretion to reduce Hines' term of imprisonment on grounds of compassionate release.  All indications are that the BOP is providing adequate medical care to Hines at FMC Butner, and that the BOP is taking appropriate steps to minimize the risk of COVID-19 exposure and infection for Hines and other inmates.

In short, while Hines has satisfied the procedural and substantive eligibility thresholds for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act, the Court, in the exercise of its discretion based on careful weighing of the § 3553(a) factors, is of the opinion that the sentence originally imposed in this case remains fair, appropriate and necessary.  Guided by its weighing of the § 3553(a) factors, the Court concludes that no reduction in Hines' sentence is warranted under the circumstances presented.  Accordingly, Hines' Motion for Compassionate Release (doc. 68) is **denied**.

DONE and ORDERED this 27th day of October, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE